### SAMUEL MOTT *vs.* JOSEPH I. MOTT.

In an action brought by a plaintiff against two or more defendants, if the writ is not served on all, but a non est is returned as to some, those defendants on whom service is made may avail themselves of any defence which all the defendants could make if the writ had been served on all.

The defendant on whom the writ is served may plead in offset any sum proper to be plead in offset due from the plaintiff to all the defendants against whom the writ is issued.

A judgement may be rendered in the name of the defendant who appears for any balance which may be found due from the plaintiff to the defendants against whom the writ issued.

This was an action of debt on judgement pending in the County Court. The writ was issued against the defendant and one John Mott, but the officer returned a non est inventus as to the latter. The plaintiff counted in his declaration upon a judgement in his favor against defendant and said John Mott. Defendant appeared and plead 1st. Nul Tiel. Record. 2d. A plea in offset, that the plaintiff was indebted to him and said John Mott in a larger amount than now claimed by the plaintiff. To this last plea in offset the plaintiff demurred. The first issue

GRAND ISLE, having been found for the plaintiff, the Court upon hearing
January, the demurrer adjudged the plea in offset to be insufficient,
1833.

S. Mott and gave judgement for his debt.   To this decision the de-
vs. fendant excepted.   The exception being allowed, the case
J. S. Mott. now comes before this Court for further adjudication.

*Argument for plaintiff.*—The only question presented in this case, is, whether the defendant can set off a joint demand in favor of himself and one John Mott in this suit, against the plaintiff's demand.

It is contended that in all cases where a set off is allow-ed, of demands in favor or against parties, different from those upon the record, it must be in cases where the parties upon this record are the only ones in interest, and where it plainly appears that the set off can effect the right of none but the parties of record.   D. Chipmans Rep. *Breck-enridge* vs. *Whitcomb,* 180.

In this case John Mott is not privy to the record, and the Court cannot seaver the interest of the defendant from that of John Mott, without his consent.   For the demand being joint, the Court cannot judge what interest each may have in it.   It may or it may not be, that their interests are equal.   A joint demand by no means implies that the in-terest in each are equal.

It is contended that this entire demand cannot be set off; for if set off to the amount of $100, then clearly, the plain-tiff might plead his offset to the defendants offset to the amount of 1000 dollars in his favor against the defend-ant and John Mott or even John Mott alone, and recover his judgement for the balance; or the plaintiff might plead his book account in offset to the defendant's offset in his favor against S. & J. Mott, or even against John Mott alone, and balance book accounts with John Mott without his knowledge or consent, and bring him much in debt.   *Mea-der* vs *Leslie,* 2 Vt. Rep. 569.

Demands to be legal offsetts must be mutual; but in this case, the debts are neither mutual by parties nor by inter-est, and cannot be offset,   See Statute p. 85, Sec. 92.

*The Counsel for the defendant contended,* 1st. That in offsets the Court always regard the mutuality of the claims.

The claims in this case are mutual in as much as the de-
mands are in fact between the same parties.

The original claims between these parties were joint
and could have been offset; the severance is by operation
of law, and this ought not to effect the legal rights of the
parties. It effects none of the legal rights of the plaintiff
and should not those of the defendant.

The defendant and John Mott are parties to the record.
The writ is against both; both are set up in the declara-
tion, and the plaintiff has declared against both. The suit
was commenced against Joseph S. & John Mott, on a joint
demand against them, and the rules of pleading would be
the same in all respects as though the writ had been serv-
ed upon both.

The demand of the plaintiff was a joint and not a joint
and several demand. The judgement would it is contend-
ed bind both defendants. The defendant who was nonsuit-
ed could not, if sued himself set up and try over again a de-
fence which had been made by the party in this suit.

The opinion of the Court was pronounced by

WILLIAMS, J.—This action was commenced against Jo-
seph S. Mott & John Mott, as appears both by the writ
and declaration. The Sheriff returned that he could nei-
ther find body nor estate of the said John Mott within his
precinct. According to the practice in this State the suit
then proceeded against Joseph S. Mott alone, who appear-
ed and plead in offset to the plaintiff's demand, that the
plaintiff was indebted to him and the said John, who was
originally sued with him, in a greater amount than the
plaintiff here claimed. It appears that the plaintiff counts
in his declaration on a joint demand against the said Jo-
seph & John Mott. The question is whether, as the suit
now stands against Joseph S. alone, he can avail himself
in offset of a sum due to him and John Mott. It is con-
tended that as he stands as sole defendant, there is no mu-
tuality in the claims which are attempted to be set off one
against the other; that as the statute provides, that when a
balance is found due to either party, judgement shall be
rendered therefor against the party in arrear, the defend-
ant can only plead in offset a sum due to him alone and

15

GRAND ISLE,
January,
1833.

S. Mott
*vs.*
J. S. Mott.
cannot take a judgement in his own name for a sum which may be found due to him and another.

The objections as it will be seen are technical, and as such they present some formidable objections against the plea. If it shall be found however that both upon a legal and equitable construction of the statute the defendant is entitled to this defence, we must endeavor to overcome any difficulties arising from forms, and give effect to the spirit and intent of the statute.

The statute of offsets provides that where the plaintiff in any action &c. shall be indebted to the defendant, the defendant may plead an offset of any sum or sums due to him from the plaintiff, which plea shall be in the nature of a declaration in one or more counts, and the jury shall be directed to find generally such sum or sums as shall be found in arrear from either, and judgement shall be rendered thereon accordingly. To give effect to this statute we think that those persons may be considered as defendants against whom the writ and declaration issue. That as the writ issued in this case against Joseph & John Mott on a joint demand against them, they are to be treated as defendants, and any defence whether by plea in offset or otherwise which destroys the plaintiff's action and shews that he has no right of action against the two, will avail either of them if the suit becomes discontinued as to the other in consequence of a failure to make service on both. The plaintiff would have been permitted in this case to have given in evidence an acknowledgement of John Mott to avoid the statute of limitations if the same had been plead, or any admissions or declarations of his in relation to the joint demand. Whether the defendant Joseph S. could also have plead in offset a sum due him alone from the plaintiff is not a question now before us, and we only remark that if the defendant has this double advantage it must arise from the peculiar situation of the case.

As it appears from the pleadings, that at the time of the commencement of this action the plaintiff was indebted to Joseph and John Mott in a greater amount than the claim he sets up against them, his action must be barred and he is not entitled to a judgement against both or either of them, and this must have been anticipated by him at

GRAND ISLE,
*January*,
1831.

S. Mott
*vs.*
J. S. Mott.

the commencement of the suit, if he had no defence against their claim.

The question then arises whether a judgement for the balance which appears to be due from the plaintiff to Joseph S. & John Mott can be rendered in this case, as John Mott is not before the Court and is not now a party to this suit; and we are inclined to the opinion that a judgement may be rendered for this balance in the name of Joseph S. the only defendant who appears; that in order to carry the provisions of the statute into effect in a case situated like this, judgement must be so rendered.— The effect of such judgement, will be, to preclude any other action on the demand which is the subject of the plea, in the name of Joseph S. and John Mott. The demand due from the plaintiff was due to them jointly, either could have controlled it, could have commenced an action thereon in the name of both, either could have received payment, released or receipted the whole demand, accounting to the other for his share.

The legal and equitable powers of this Court are sufficient to guard the rights and protect the interest of John Mott if there are any considerations to induce us to exercise them on his application, but judgement must be rendered in the name of the defendant, who here appears for the balance due him and John Mott, from the plaintiff.

The judgement of the County Court must therefore be reversed and judgement entered for the defendant to recover the balance due, and as it is a matter of computation only, the clerk will ascertain the balance and enter a judgement therefor.

After the opinion of the Court was pronounced, the plaintiff, by leave of the Court, entered a nonsuit, the defendant making no objection.

*Harrington*, for plaintiff.
*Brown*, for defendant.