Ebenezer Snow *vs.* Seth Conant.

An endorsement of a negotiable note, directing payment to be made to the endorsee, in unqualified terms, is sufficient to transfer the legal property and right of action, though the words *value received* be omitted in the endorsement.

In such case it is no defence to the maker of the note that the endorsement was not founded on a valuable consideration. It is sufficient if the title of the endorsee be not infected with illegality or fraud.

If the maker of a negotiable note has become the endorsee of other notes against the payee, and by giving the requisite notice has acquired a right to plead the latter notes in offset to his own, he retains the same right when afterwards sued by an endorsee of his own note. And in such case, no objection to the defendant's title to the notes pleaded in offset can be successfully urged by the plaintiff, which would not have been avoidable to his endorsor.

If an action on contract is commenced against A and B, but, in consequence of a return of *non est inventus* as to B, is entered and prosecuted against A only, he may plead in offset a demand due to himself alone.

A motion for judgment, notwithstanding a verdict for the other party, is necessarily founded on the record alone, and can never depend on any state of evidence which is not disclosed by the record.

Assumpsit upon a promissory note, executed by the defendant and one Thomas Conant, made payable to Gilbert Allen or order, and by him endorsed to the plaintiff. The writ issued against both signers of said note, but a return of *non est inventus* was made as to Thomas Conant, and the action was entered and prosecuted against the defendant only.

The defendant pleaded, first, the general issue, which was joined—second, an offset of two promissory notes executed by said Gilbert Allen, made payable to one Cornelius Harding or order, and by him endorsed to the defendant. The endorsement of these notes were alleged to have been made, and notice thereof given to Allen, at the respective dates of the notes, and long before the commencement of the present action. To these offsets the plaintiff pleaded that Allen did not assume and promise, as alleged by the declaration in offset, at any time before notice given by the plaintiff to the defendant and Thomas Conant, of the endorsement of their said note by Allen to the plaintiff. On this plea issue was also joined.

At the trial, all the notes aforesaid, with their endorsements, were read in evidence without objection; and it appeared that notice was in fact given to Allen of the endorsement and transfer of the notes pleaded in offset, before any notice to the defendant or Thomas Conant of the endorsement of their note by Allen to the

WINDSOR,
February,
1836.
Snow
vs.
Conant.

plaintiff. The plaintiff offered evidence to prove, that the only consideration for the endorsement of said two notes by Harding to the defendant, was the promise of the latter to pay for said notes, provided he could succeed in effecting the offset now attempted.— This evidence was objected to and excluded by the court. After verdict for the defendant, the plaintiff moved for judgment in his favor *veredicto non obstante;* and the motion being overruled, the cause was brought here on exceptions to the decisions of the county court, rejecting the evidence thus offered on trial, and overruling the motion aforesaid.

. *T. Hutchinson for the plaintiff.*Two questions are reserved in this case: First, whether the testimony offered by the plaintiff and rejected by the court, ought to have been admitted: Second, whether the court ought to have granted the motion of the plaintiff to set aside the verdict, &c. The said first question really resolves itself into this: whether our statute of offsets will allow a defendant to defeat the plaintiff while he prosecutes a just cause of action, by filing in offset a negotiable note in which he has no interest, but holds it in trust for the original payee. We contend, that the statute bears no such construction. The principal object of all statutes of offsets is, to prevent a man from being compelled to pay money to another, without first deducting what is due to him from that other person—a further, but minor object is obtained, in diminishing the number of actions.

See the sections allowing offsets, on pages 85th and 127th.— Both allow offsets only in cases where the plaintiff is indebted to the defendant. In this case, Gilbert Allen was not indebted to the defendant, Conant, but to Cornelius Harding, who had made Conant his agent to collect. Such is truly the case, if the testimony offered and rejected be true. An assignment of a note or the endorsement of a note, in legal parlance, means a transfer; and this transfer is to be evidenced by a writing signed by the payee, and properly drawn to show a transfer. The usual, unqualified transfer, is written thus: "For value received, pay the contents to A. B." This signed, is a transfer. What is written on these notes, filed in offset, is not *prima facie* a complete transfer. Nothing purports a payment by Conant to Harding. There is no "*For value received*" there. These endorsements give Conant no right to claim the money,—they are merely an authority for Allen to pay, if he should choose. Chitty on Bills says, on page 6th, "A bill of exchange may be so assigned as to vest in the assignee the

WINDSOR,
*February,*
1836.

Snow
*vs.*
Conant.

legal as well as the equitable interest therein, and entitle him to sue thereon in his own name." The term assignment, means the conveyance of the legal and equitable interest. It would seem to be a most palpable fraud upon Snow, the plaintiff, if the defendant, under the statute allowing him to file offsets of claims against Allen, shall be allowed to file those demands which have never become his property, and in which he had no interest.

If the facts are, as the plaintiff offered to prove them to be, Mr. Harding could, at any moment, revoke the authority of Conant, even to receive the pay of Allen.

To this point, as also that parol testimony was admissible to show Conant to be the mere agent of Harding, we cite 6 Mass R., *Baker* vs. *Prentiss*, opinion of court on pages 432-3-4, and Chitty on Bills, 86.—See, also 5 Wend. 600, and 1 Hall's R. *Talman* vs. *Gibson*, on page 312, where the court will not let a holder of a note recover to the injury of any *bona fide* owner of the same. They deem it a fraud upon the owner. The present plaintiff ought as much to be protected against the fraud of Conant in using Harding's property to defeat the plaintiff, as Harding ought if Conant was endeavoring to collect the note in fraud of his rights.

In 5 Mass. R. 543, *Wilson* vs. *Holmes*, action upon a note specially endorsed as follows: "Pay Thomas Wilson, Esq., or order, for our use—value received in account," the court say, were it not for the words *value received*, Wilson would have no property in the note, general or special, and he could not recover upon it in his own name. And the evidence that the plaintiff paid no consideration for the note, was admitted, and proved fatal to his recovery.

In the 3d of Mass. Rep. *Rice* vs. *Stearns et al.*, the court say, on page 227, "It is settled, that when a negotiable security is endorsed '*pay the contents to my use*,' or '*to the use of a third person*,' or '*carry this bill to the credit of a third person*,' such an endorsement is not an assignment of the security, but is only an authority to pay the money agreeably to the directions of the endorsement."

The statute about negotiable notes, on page 144, was never intended to authorize the maker of a note to perpetrate a fraud upon the *bona fide* endorsee, to authorize him to become a mere nominal endorsee of other notes, in which he had no interest, and file them in offset, to defeat the plaintiff.

The statute says, "The defendant may *plead an offset of all demands proper to be plead in offset*." These notes, which the

WINDSOR,
February,
1836.

Snow
vs.
Conant.

defendant never owned, are not proper to be plead in offset.   He has no right to let his friendship for Harding lead him to perpetrate a fraud upon the plaintiff.

.   The statute goes on, "which the defendant may *have* against the original payee." That is, have as his own—not which Harding may *have*, and have handed over to the defendant for his, Harding's, use.   The court will please to recollect that, not only is there no expression of any value received in the endorsements of these notes, but the case shows that there was no testimony in aid of said endorsements, or proving any consideration paid by Conant to Harding.

Now, add the testimony offered by the plaintiff and rejected by the court, and the plaintiff's case must be a hard one, if he cannot recover. ·

With regard to the second question, whether the plaintiff's motion to set aside the verdict and have a judgment rendered for the plaintiff notwithstanding the verdict, but little need be said.   There is evidently no mutuality in the claims.   The plaintiff's note, sued, is against Seth and Thomas Conant, and the writ filled against both; and the notes plead in offset purport to be assigned, if assigned at all, to Seth Conant only.

We refer to an authority upon this point : that is, 5 Vt. R. 204, *Leavenworth* adm'r vs. *Lapham & Co.*—also the same vol. page 111, *Mott* vs. *Mott*.

*Marsh & Williams for the defendant.*—The objection to the defendant's right to recover on the note described in his offset, was, that no consideration was paid by the defendant to Harding for the assignment, but a mere promise to pay for the notes in case they should be allowed in offset: but that they were endorsed and delivered by Harding to the defendant, was not questioned.

It is not easy to perceive what the maker of the note has to do with the consideration of the assignment.   It is enough for him that the payee, by his order on the back of the note, and the delivering of it to the assignee, has directed him to pay the contents to such assignee.   The property in the note passes by the assignment and delivery, whether any consideration was paid or not.   The maker of the note cannot inquire into the motives of the payee in making such assignment.

It is every day's practice to assign notes to some third person in trust for the payee, and to maintain actions on such note and assignment in the name of the assignee, and no one till the happy

WINDSOR,
*February,*
1836.

Snow
*vs.*
Conant.

moment when this defence was conceived doubted the legality or propriety of such practice.

But if it were necessary to prove a consideration for the assign-ment, or the want of a consideration might be averred, yet the con-ditional promise by the defendant to pay, if he could avail himself of the assignment as proposed to be proved by the plaintiff, is of itself a sufficient consideration.

Can it be pretended that the transaction, as stated in the excep-tions, does not make out a sufficient cause of action in favor of the defendant against Gilbert Allen? If so, the statute authorises him to set it off against the note in the hands of the plaintiff.

The plaintiff has also filed his motion in arrest of judgment on the pleas in offset, as being insufficient to entitle the defendant to a verdict, and moved the court to enter up judgment for the plain-tiff, notwithstanding the verdict for the defendant.

The ground of this motion is not very obvious; but it is suppo-sed to be the want of mutuality between the demand described in the declaration, that being a note given jointly by the defendant and Thomas Conant, and the notes described in the pleas in offset being assigned to the defendant alone.

The presumption of law is, especially taken in connection with the written notice, that the assignment was made to both the ma-kers of the note, on which the plaintiff declares that the notes men-tioned in the pleas were endorsed in blank and delivered to both the Conants; and when the defendant found that he alone was su-ed, he filled up the endorsement so as to meet this state of things.

Our statute has made one signer of a joint note liable to be sued alone when the other is out of the jurisdiction of the court, or to be proceeded against alone in an action declaring against two or more, if the sheriff returns a *non est inventus* as to the others.— The case then stands thus : The plaintiff has a promissory note, the collection of which he has a right to enforce against the defen-dant alone. The defendant has a demand which he has a right to set off against the plaintiff's demand. Why should he not de-clare upon it in offset as his own separate demand? And why, in-asmuch as these notes were purchased for the express purpose of meeting the claim on the plaintiff's note, why might he not fill up the endorsement to himself so as to meet the claim on which he had, by the state of things, become separately liable on his joint note? There would seem to be a perfect mutuality, except that the defendant's demand is against Allen. The defendant owes the

39 .

WINDSOR,
February,
1836.

Snow
vs.
Conant.

plaintiff the amount of the note declared on, and Allen owes the defendant the amount of the two notes mentioned in the pleas.— Suppose the defendant held notes against Allen, payable to himself alone—he is sued alone on a note given jointly by himself and another, can it be pretended, that in this situation, the demands are not mutual? and must he, under such circumstances, be deprived of his offset?

The question seems so obvious that we are led to fear that we have mistaken the ground of the motion. It comes too, from such high authority, that we are not at liberty to think there is nothing but pretence in the motion.

But the law does not require perfect mutuality of demand neither on the part of the plaintiff or the defendant.

The case of *Nunez* Adm'r vs. *Modiglioni*, and that of *Conner* vs. *Murphy*, (1 H. Black. 217 & 657,) are in point.

But we have no occasion to go to English authorities : Our statute (Comp. Laws, 85, sec. 92) seems, in terms, to have settled the question as to mutuality. It needs only to be demands between the plaintiff and defendant, in order to entitle the parties to offset, one against the other.

And the statute regulating actions by endorsees gives the same right where the defendant has a demand against the original payee.

The demands which may be set off are required only to be between the plaintiff and defendant, or between the original payee and the defendant, so far as mutuality is concerned.

The decisions of the court go all lengths to show that exact mutuality is not necessary.

In the case of *Meader* vs. *Leslie*, (2 Vt. R. 569,) it was decided that a demand against the plaintiff, in his separate capacity, might be set off against a demand against Meader and Eames— Meader having sued as surviving partner. The authority of this case will not be questioned, the opinion of the court having been pronounced by the gentleman who is now counsel for the plaintiff. Here there was no mutuality as to the demands in controversy, but mere mutuality of parties.

So in *Meader* vs. *Scott*, (4 Vt. R. 26,)—the defendant was permitted to offset his demands against a claim in favor of Meader and Eames in an action in favor of Meader as surviving partner, though the defendant's claims were partly against Meader & Eames and partly against Meader alone..

In *Brundridge* vs. *Whitcomb*, (1 D. Chip. R. 180,) in an ac-

Winpson,
February,
1836.

Snow
vs.
Conant.

tion on a jail bond, the principal defendant was permitted to offset his separate demand against the plaintiff's demand.

It seems thus that mutuality neither as to the nature of the demands nor as to the parties is in all cases of set-off required.

So a debt against a surviving partner, as such, may be set off against a demand in his favor, in his separate capacity.—*Slipper et al.* vs. *Stidstone*, 5 T. R. 493.

Same point is decided in *French* vs. *Andrade*, 6. T. R. 582.

The conclusion from all the authorities would seem to be, that wherever there is a mutuality of parties or mutuality of demands, and there is no equitable reason to the contrary, offsets will be allowed ; and indeed where there is mutuality in neither of these respects, yet if equity between the parties requires it, from an equitable construction of the statutes, offsets will be permitted.

The opinion of the court was delivered by

Royce, J.—The object of the evidence offered was to impeach the defendant's title to the notes pleaded in offset, by showing a want of consideration for their endorsement by Harding. This line of defence to the declaration in offset, seems to be somewhat inconsistent with the plaintiff's plea, which impliedly admits the validity of the endorsements by Harding to the defendant, and appears to present merely the question of priority between the notice given by the plaintiff to the defendant and Thomas Conant, and that given by the defendant to Allen. But since the defendant's title as endorsee of Harding has been treated at the bar as properly involved in the case, it will be so considered.

The words *value received* are not essential to the validity of an endorsement, in order to pass the legal property and right of action to the endorsee, so long as no terms are employed which tend to negate or restrict his right, as by directing payment to be made to the endorsor's use, or to the use of a third person. In this instance, there is the usual direction requiring payment to the defendant, without the addition of any terms going to limit or qualify his interest. The endorsements of themselves therefore establish a *prima facie* right in the defendant, not only as against Allen, but for the purpose of the offset claimed. Whatever right of defence Allen might still have, by showing illegality in the consideration of the endorsements, as proving them founded on a gaming, usurious, or other prohibited consideration, he could not defend himself on the ground of a mere want of valuable consideration for the endorsements, in the absence of illegality and fraud. It follows that

WINDSOR,
February,
1836.

Snow
vs.
Conant.

the evidence offered on trial would have furnished no protection to Allen against a suit by the defendant as endorsee of the notes.

But it is insisted that a proper construction of our statutes for allowing offsets will render the evidence available to the plaintiff, though it might constitute no defence for Allen. And it must be admitted that the statutes should be extended to those claims only which the party may legally enforce in his own name, and apparently in his own right. Hence it has never been permitted, that a demand accruing to a person in any official or representative character should be set off against his own private debt, or vice versa. This has long been settled in reference to sheriffs, executors and administrators, and persons in like situations. It is not perceived, however, that the present case should be classed with those alluded to. There is nothing in the situation of the defendant, by which he can be said to be claiming in *auter droit*; and much less does any thing of this kind appear upon the face of his declaration, or in the evidence adduced to support it. And whether he is regarded as an absolute purchaser in his own right, according to the import of the endorsements, or as a purchaser with the privilege of rescinding the purchase in a certain event, the result, for the present purpose, must be the same. In either case he is invested with the apparent property in the notes, and the legal right of action upon them, to be asserted for his own benefit. The evidence proposed would therefore seem to be equally unavailing to the plaintiff as to Allen.

There is another view of the subject, which also appears to be decisive. It has already been shown that the defendant had acquired a right of action in his own name against Allen, which the latter had no means of defeating. And after the requisite notice, which the defendant gave, Allen had as little pretence for resisting the offset now sought; for it would be a strange construction of the statute which should enable him to avoid an offset of the notes in favor of the person who could successfully prosecute them in a distinct action. A declaration in offset is substantially an action peculiar in nothing but the form of proceeding. But if the right of claiming the offset existed against Allen, it must also exist against the plaintiff, when he comes forward to prosecute the defendant's note given to Allen, and to which the offset was applicable. No principle is discovered which would justify the offset in one case and forbid it in the other.

As the evidence offered would have been unavailing in its influence upon the case, it was properly rejected.

WINDSOR,
February,
1836.

Snow
vs.
Conant.

There is also a motion for judgment to be entered for the plaintiff, notwithstanding the verdict. This is founded on the alleged want of mutuality between the note sued and those pleaded in offset. The plaintiff declared against Thomas Conant as well as the defendant, and his writ issued against both; but Thomas became severed from the cause by a return of *non est inventus* as to him.

It appears by the case of *Mott* vs. *Mott*, (5 Vt. R. 111,) that had the notes been endorsed to the defendant and Thomas Conant, the defendant might have pleaded them in offset in the joint names of both. The court there say, " To give effect to this statute, we think that those persons may be considered defendants against whom the writ issued." And again—" Whether the defendant (in court) could also have plead in offset a sum due to him alone, is not a question now before us; and we only remark, that if he has this double advantage, it must arise from the peculiar situation of the case." It is evident that the court did not intend to conclude the present question. And treating the matter as undecided, I must regard the present offset as more directly within the statute than the one there permitted. The right of pleading in offset is given to the *"defendant,"* and Seth Conant is the only defendant in court; as such, he comes within the words of the act. The decision in the case referred to, was the result of that enlarged and favorable construction, to which a highly beneficial statute is always entitled.

It may be further remarked, that a motion of this kind is necessarily founded on the record alone; as when, according to English practice, the postea is sent from *Nisi Prius* to the court in bank. It can never depend on any state of evidence which is not disclosed by the record. Here the record shows the general issue mutually pleaded, and a verdict that the defendant is not in arrear.— But whether this result was produced by a failure of the plaintiff to establish a right of recovery on the note sued, or by the allowance of the offsets, does not conclusively appear of record.

Judgment of county court affirmed.