Adams *v.* Bliss.

—»«@©θ«««—

## CHARLES ADAMS *v.* ALBERT BLISS.

In an action on a negotiable promissory note, which is sued in the name of an indorsee, the defendant cannot, under the statute of this state, plead in offset a claim in his favor against the payees of the note, notwithstanding it appears that the indorsee holds the note in trust for the payees, and that the suit is for their benefit, for purposes of collection merely.

ASSUMPSIT. The plaintiff declared as indorsee of a promissory note executed by the defendant, and made payable to C. S. Terrette & Co. of the city of New York.

Adams *v.* Bliss.

The defendant pleaded the general issue, and also a plea in offset, founded on a claim in his favor against the payees of the note, on a warranty of property sold by them to the defendant, and for which he averred the note in suit was given. The plea alleged a breach of the warranty, and also that the indorsement of the note to the plaintiff was in trust for the said payees, and that the suit was prosecuted for their benefit, for purposes of collection merely.

To the plea in offset the plaintiff demurred, and the court sustained the demurrer, and rendered judgment for the plaintiff for the amount due on the note. Exceptions by the defendant.

*A. G. Whittemore* for defendant.

1. The common or mercantile law, now in force in this state, excludes many defences to notes negotiated before over due, which might have been made, if sued in the name of the payee; but this rule does not hold when the indorsee takes it after it is over due, or with full knowledge of the defence, or as mere agent and trustee of the payee, or in any manner out of the usual course of trade. *Ayer* v. *Hutchins*, 4 Mass. 373. *Towne* v. *Jaquith*, 6 Mass. 46. Bayl. on Bills 348, and note. *Harrisburgh Bank* v. *Meyer*, 6 Serg. & R. 537. *Russell* v. *Buck*, 14 Vt. 157. *Coddington* v. *Bay*, 20 Johns. 651. *Wardell* v. *Howell*, 9 Wend. 170. *Rosa* v. *Brotherson*, 10 Wend. 85. *Payne* v. *Cutler*, 13 Wend. 605.

2. By an equitable construction of our statute of offsets this plea may be allowed, to the extent of the plaintiff's demand, as against the plaintiff, who is admitted by the demurrer to be only trustee of C. S. Terrette & Co., the real plaintiffs in the case. Bayl. on Bills, Ed. of 1826, 82. *Brown* v. *Davies*, 3 T. R. 81. *Gold* v. *Eddy*, 1 Mass. 1. *Brown* v. *Turner*, 7 T. R. 630. *William* v. *Matthews*, 3 Cow. 252. *Sargent* v. *Southgate*, 5 Pick. 312.

3. The plea shows that this defence arose out of the same transaction as the note, and it will follow the note, though sued in the name of a nominal plaintiff. *Britton* v. *Bishop*, 11 Vt. 73. *Burrough* v. *Moss*, 10 B. & C. 558, [ 21 E. C. L. 128.]

*C. Adams pro se.*

The whole question, attempted to be involved in this case, was

raised, examined, and decided by this court, in *Snow* v. *Conant,* 8 Vt. 301. It was there properly held that nothing but illegality or fraud could vitiate the indorsee's title.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The question in this case is whether the defendant's plea in offset can prevail. Previous to 1836 our statute, which authorized an indorsee of a promissory note to maintain an action in his own name, secured to the defendant a right to plead an offset of all demands proper to be pleaded in offset, which he had against the original payee. This statute was repealed that year. Our general statute only provides, that, if "*the plaintiff* in any action, &c., shall be indebted to the defendant, the latter may plead the same in offset." A plea of set-off was unknown to the common law, which would not permit two cross demands to be tried in the same action. Unless, therefore, the provisions of the statute will authorize this plea it cannot be sustained. The statute not only authorizes the defendant to plead in offset, but also authorizes the plaintiff to reply an offset of any other demands due to him from the defendant. It is obvious, therefore, that the demands to be pleaded or replied in offset must be mutual, and cannot embrace any other demands than those between the plaintiff and defendant. The object of the plea in question is not to bring in litigation any demand due from Adams, the plaintiff, to Bliss, the defendant, but a demand due from Messrs. Terrette & Co., the indorsers of Adams, to Bliss; and, hence, the question will directly present itself, what may be replied in offset?—whether it is a claim due to Adams,—in which case the balance would have to consist of demands existing between the Messrs. Terrette & Co. and Bliss, and also between Adams and Bliss, —or whether Adams may reply any other demand due to the Messrs. Terrette & Co.? in which case, if he should fail both on his declaration and replication, and the defendant should succeed on his plea, and a balance be found his due, he would have judgment and execution against Adams, the plaintiff in this suit, therefor.

In the case of *Burrough* v. *Moss,* 10 B. & C. 558, [21 Eng. C. L. 128] it was determined that the indorsee of an over due note was liable to all equities arising out of the note transaction; yet they were not

6

Adams *v.* Bliss.

held liable to a set-off in respect to a debt due from the indorser to the maker; and the court very clearly intimate that a plea of set-off can only be of such demands as were due to the defendant from the plaintiff of record. There are two unreported cases which are referred to in the case of *Winch* v. *Keeley*, 1 T. R. 619,—*Bottomley* v. *Brook*, and *Rudge* v. *Birch*,—where, in an action of debt on bond, given to the plaintiff in trust for a third person, the court recognized the trust, and suffered the defendants to set off a debt due from the *cestui que trust.* These cases, however, may be considered of doubtful authority, (*Bauerman* v. *Radenius*, 7 T. R. 663, *Wake* v. *Tinkler*, 16 East 36, *Tucker* v. *Tucker*, 4 B. & Adol. 745,—24 E. C. L. 151,) at any rate the courts have not been inclined to extend the doctrine laid down in them; and, from the case of *Burrough* v. *Moss*, it cannot be extended to a case like the present. In the case of *Brundridge* v. *Whitcomb et al.*, 1 D. Ch. 180, the court recognized a plea in offset filed by one of the defendants only; but this was found to be so inconvenient and impracticable that the case was afterwards overruled. *Leavenworth* v. *Lapham*, 5 Vt. 204. The latter case is also an authority against the plea of the defendant in the case before us.

The case of *Mott* v. *Mott*, 5 Vt. 111, compared with the case of *Snow* v. *Conant*, 8 Vt. 301, would seem to countenance the idea that demands, other than those against the parties to the suit, can be pleaded in offset. The latter case, *Snow* v. *Conant*, professes to regard the authority of the case of *Mott* v. *Mott*, and if so, the plaintiff, Snow, could offset in that suit any demand against Thomas and Seth Conant, against whom the writ originally issued, as well as the demand against Seth Conant. I should have some hesitation in admitting the correctness of this proposition; and in fact I think the two cases are opposed to each other. A joint demand against two, and another against one, cannot be included in the same declaration, whether it is an original declaration or a declaration in offset. It may be that the offset in the latter case was more directly within the statute than the one permitted in *Mott* v. *Mott*, and that a defendant, on whom process is served, is to be regarded as the only defendant, although the demand, on which the suit was instituted, is joint; the writ against the two is

joint, and they are severed only by the accident of there being no service, or a return of *non est inventus* as against one. In such a case the right of the parties is made to depend on that accident. The return of *non est inventus* against one defendant can have no other effect on the action than an outlawry against one defendant has in England; and it is only in analogy to the proceedings in England that a suit can be returned against one defendant, when the writ issues against several, and a return of *non est* is made as to some. In England, when the writ issues against two or more joint contractors, the action remains *joint*, notwithstanding one do not appear, and the plaintiff have to resort to the process of outlawry against him, in order to declare against the one on whom process is served. *Gordon* v. *Austin et al.*, 4 T. R. 611. *Haigh et al.* v. *Conway*, 15 East 1. And in the case of *Fort et al* v. *Oliver, Adm'r*, 1 M. & S. 242, it was held that, when the plaintiff brought an action against two defendants, and proceeded to outlawry against one, and went on with the action against the other, who died after interlocutory and before final judgment, the plaintiff could not have a *scire facias* against the representatives of the one deceased, for the reason that, notwithstanding the outlawry, the action remained joint. I apprehend, therefore, that one or the other of the decisions, either that in *Mott* v. *Mott*, or the one in *Snow* v. *Conant*, cannot be recognized as authority; and it still remains to be decided which is to be considered the party defendant, under the statute of offset,—those against whom the writ issues, or the one alone on whom service is made.

There is one remaining consideration. The defendant attempts to treat this plea in offset as a defence arising out of the note transaction, as was said in the case of *Burrough* v. *Moss*. If there was no value, or a fraud, the defendant might have availed himself of that defence under the general issue. A plea in offset supposes a separate and distinct cause of action in favor of the defendant against the plaintiff. This plea is founded on a supposed collateral and independent promise on the part of the indorsers of the plaintiff, on which they were liable to the defendant to an amount more, or less, or equal to the amount of the note declared on.

In whatever view we take of the case, it appears to us that Adams might sue this note as a party, and that no defence, by way of

set-off, can avail this defendant, except an indebtedness of Adams to this defendant; and the defendant can in no way avail himself of his claim against the Messrs. Terrette & Co., except by a suit against them: they are not within our jurisdiction; and it is a necessary result from our statute, that a person who gives a negotiable note must pay it at maturity, if it is negotiated. They must submit to the conclusion arising from the law.

The judgment is affirmed.