# WINDSOR COUNTY,

### February Term, 1867.

[Continued from Vol. 39, page 412.]

---

\* Daniel Cobb *v.* David W. Cowdery and Daniel Tarbell, Jr.

### *Contract.   Consideration.*

If part of a consideration be merely *void,* the contract may be supported by the residue, if good *per se*; but if any part be *illegal* it vitiates the whole.

A promise by a party to do what he is bound in law to do is an insufficient, but not an illegal consideration.

However strong may be one's moral obligation to do that which he agreed to do, it is only promises founded on the performance of duties imposed by law which are regarded in law as merely gratuitous and not binding.

Services by one, not bound by law to render the services, in aiding a party in interest in the preparation for trial, by disclosing who are informed upon material points, and what they would testify to, are sufficient consideration to support a contract.

A parol agreement to deliver up a judgment with the execution thereon issued " to be satisfied" in consideration of the settlement of, and indemnification against, a claim which is being made by a third party, is binding, and is a complete defence to a suit on the judgment, although the promise was made to, and the consideration came from, but one of the defendants.

Debt on judgment.

The defendants' second plea was as follows, viz :

" And for further plea in this behalf, by leave of court first had and obtained, the said defendants say that said plaintiff ought not to have or maintain his aforesaid action thereof against them, because they say that after the rendition of the judgment upon which this suit is brought, to wit, at the May Term of Windsor county court, A. D. 1859, said Solomon Downer was the plaintiff in interest in a certain suit then pending in said court, in which suit the South Royalton Bank were plaintiffs, and Chester Baxter and James S. Moore,

---

\* This case was argued at February Term, 1866.

3

were defendants. And the said Downer, at the term of said court two years previous to the one last above mentioned, had taken out execution upon the judgment on which this action is based, and had levied said execution upon certain horses and colts, as the property of said Cowdery, and said horses and colts had been sold upon said execution as the property of said Cowdery. That one Rufus H. Hyde, of Chelsea, owned, or claimed to own, a part of said horses and colts, and one Edward Sprague, of Randolph, owned, or claimed to own, the residue of said horses and colts, except one ; and the said Hyde and Sprague had before forbidden, and at the time of said sale did forbid, the sale thereof. And the said Hyde and Sprague were, at the time above named, to wit, in May, A. D. 1859, threatening and intending to bring a suit, or suits, against said Downer for said horses and colts.

" That after the sale of said horses and colts, as aforesaid, to wit, at the December Term of Windsor county court, A. D. 1857, said Downer brought a suit in trover against one Wallace Foster, of Tunbridge, for said horses and colts,—claiming and alleging that said horses and colts had been by said Foster kept from his, said Downer's, possession, which suit was pending in Windsor county court, at the May Term thereof, in 1859.

" That in the above named suit,—South Royalton Bank against Baxter and Moore,—it became necessary for said Downer to have the testimony of men who were acquainted and conversant with the affairs and business of said Bank. And the said Downer then and there agreed with this defendant, David W. Cowdery, that if said Cowdery would give him, said Downer, information as to who said witnesses were, and as to what could be shown by them, in said suit, so that said Downer could summon them to testify thereon, and would also arrange and settle matters with said Hyde and Sprague in such a way as to prevent any suit being commenced by said Hyde and Sprague, or either of them, in reference to said horses and colts, and save him, said Downer, harmless from all costs, trouble or expense, on account of the sale of said horses and colts, he, said Downer, would deliver up to said Cowdery, to be satisfied, the judgment and execution upon which said horses and colts were sold as aforesaid,—which is the same judgment upon which the present suit is brought,—and would also discontinue and withdraw said suit against Wallace Foster, before named.

" Now the said defendants aver, that in pursuance of said agreement between said Downer and Cowdery, the said Cowdery did assist said Downer in procuring the testimony of the witnesses in said suit, and did ascertain who said witnesses were and what could be proved by them, and informed said Downer of the same. And said witnesses were summoned and testified in said suit on the trial thereof.

" And the said Cowdery made said arrangement with said Hyde and Sprague, whereby they forebore to prosecute any suit or suits

against said Downer by reason of the sale of said horses and colts as aforesaid.

" And neither said Downer in his lifetime, nor his administrators since his decease, have ever been called upon by said Hyde and Sprague, or either of them, by reason of their said claim.

" And the said Downer, in pursuance of his said agreement with said Cowdery, did thereupon discontinue and withdraw said suit against Wallace Foster, before named, but neglected and failed to deliver up said judgment and execution, as thus agreed upon between them, as aforesaid. And this the said defendants are ready to verify. Wherefore they pray judgment," &c. .

Issue was joined on said plea, and the case was tried by court by agreement of parties. The defence was made wholly upon said plea, and evidence was given upon both sides, from which the court found the averments of said plea to be proved, and rendered judgment for the defendant Cowdery,—to which the plaintiff excepted. The case was tried at the May Term, 1865, BARRETT, J., presiding.

*Converse & French*, for the plaintiff.

*Charles M. Lamb* and *D. C. Denison*, for the defendants.

The opinion of the court was delivered by

KELLOGG, J. The plaintiff took issue upon the truth of the defendants' second plea, and the facts found by the county court to be proved by the testimony on the trial established every material averment of that plea. It is now claimed by the plaintiff that, notwithstanding the issue upon the truth of this plea was found in favor of the defendants, the plea itself was not an answer to his cause of action, because the agreement or contract between Downer and the defendant Cowdery was without any legal consideration, and was void as being against public policy. This claim raises the same questions in respect to the sufficiency in law of the facts alleged in the plea which would have been raised if the plaintiff had demurred to the plea instead of traversing it. As in the case of a motion for judgment *non obstante veredicto*, the motion is necessarily founded on the record alone, and can never depend on any state of evidence which is not disclosed by the record (*Snow* v. *Conant*, 8 Vt. 301), so in this case

the propriety of the judgment of the county court, to which the plaintiff excepted, must be tested on the facts which were within the issues tried, and not upon facts which were proved *aliunde*. The case depends wholly upon the sufficiency and legality of the consideration for Downer's undertaking.

The general principle is, that if part of a consideration be merely *void*, the contract may be supported by the residue of the consideration, if good *per se*; (*Bradburne* v. *Bradburne*, Cro. Eliz. 149 ; Tisdale's case, *ibid.*, 758 ; *Crisp* v. *Gamel*, Cro. Jac. 128), but if any part of a consideration be *illegal*, it vitiates the whole. *Featherston* v. *Hutchinson*, Cro. Eliz. 199 ; *Bridge* v. *Cage*, Cro. Jac. 103 ; *Scott* v. *Gilmore*, 3 Taunt. 226 ; *Woodruff* v. *Hinman*, 11 Vt. 592 ; 2 Saund. R. (Patteson & Wms. edit.), 136, note 2. A promise by a party to do what he is bound in law to do is not an illegal consideration, but is the same as no consideration at all, and is merely void ; in other words, it is insufficient, but not illegal. Thus, if the master of a ship promise his crew an addition to their fixed wages, in consideration of and as an incitement to their extraordinary exertions during a storm, or in any other emergency of the voyage, this promise is *nudum pactum*, the voluntary performance of an act which it was before legally incumbent on the party to perform being in law an insufficient consideration ; and so it would be in any other case where the only consideration for the promise of one party was the promise of the other party to do, or his actual doing, something which he was previously bound in law to do. Chitty on Contracts (10th Amer. edit.), 51 ; Smith on Contracts, 87, 88 ; 3 Kent's Com. 185. The finding of the county court excludes the idea that there was any improper intent or purpose on the part of either Downer or Cowdery in making the contract or agreement set forth in the plea. The thing which Cowdery agreed in this contract to do on his part was to give to Downer information in respect to the witnesses by whom the suit in favor of the South Royalton Bank against Baxter and Moore could be supported—Downer being the plaintiff in interest in that suit— and also in respect to the facts which could be proved by those witnesses, and to settle a claim which Hyde and Sprague were making against Downer on account of his having caused certain horses and

Cobb *v.* Cowdery et al.

colts, which they had conditionally sold to Cowdery, to be levied on and sold as Cowdery's property, and to indemnify Downer against that claim. The plaintiff claims that what Cowdery agreed to do on his part was no more than he was under a legal and moral obligation to do, and that, for this reason, there was no legal consideration to support the agreement; and this claim presents the question whether Cowdery was under any legal obligation to furnish to Downer the information which was the subject of their agreement. Although the duty of Cowdery to furnish the information without fee or reward may be established by the principles of ethics as a moral duty, it was a duty of imperfect obligation, and one which could not be enforced at law. Even in a court of equity, a bill of discovery does not ordinarily lie against one who is a mere witness, and has no interest in the suit. 2 Story's Eq. Jurisp. (Redfield's edit.), §§ 1499, 1500. Whatever might have been Cowdery's duty to Downer in respect to furnishing this information to him, it was a duty which the law did not impose and could not enforce; and, however strong may have been his moral obligation to do that which he agreed to do, it is only promises founded on the performance of duties imposed by law which are regarded in law as merely gratuitous and not binding. The same principle is applicable to that part of the contract or agreement in respect to paying Hyde and Sprague for the colts, because, whatever might have been the duty of Cowdery to Hyde and Sprague, he was under no legal obligation or duty of any kind to Downer, in respect to the colts; and his undertaking to do that which he was under no legal obligation to do, was a good consideration for Downer's promise, even if the residue of the consideration relied on should be treated as being merely void.

But the plaintiff claims that this contract or agreement between Cowdery and Downer should be treated as being illegal and void as being against public policy, because it was a contract to fix a price on the testimony of Cowdery as a witness, and thereby it tended to obstruct and prevent the due administration of justice. The undertaking of Cowdery was not to conceal, but to disclose his knowledge in respect to the facts which were material on the trial, and the witnesses by whom those facts could be proved; and he did not under-

take by the contract either to become a witness, or to furnish any testimony, for Downer on the trial. The plaintiff claims that Cowdery was under a moral, if not a legal, obligation to do just what he undertook in this contract to do, and it is clear that there was no illegality in the thing which he agreed to do, unless it was illegal because its tendency was to prevent or impede the due course of public justice. If this was a contract to suppress evidence, it would clearly have been illegal on this ground, but there is no such feature in it. It was a contract to give information in respect to evidence,— to disclose, and not to suppress, the truth,—and the tendency of the disclosure cannot be regarded as in any respect interfering with or obstructing the administration of justice. Contracts for the payment of rewards offered for the detection of offenders, or the discovery of proof establishing their guilt, have always been upheld and enforced in law. In *England* v. *Davidson*, 11 Ad. & El., 856, (39 E. C. L. R. 254), the defendant offered a reward to whoever would give such information as would lead to the conviction of a felon. The plaintiff, who was a constable and police officer of the district where the felony was committed, gave such information. On demurrer, it was claimed for the defendant that no consideration was shown on the record for the defendant's promise; that the plaintiff was bound to that, the doing of which was stated as the consideration; and that the contract declared on was against public policy. The plaintiff claimed that he was not bound to procure evidence. It was held that the plaintiff's having given the information was a good consideration for a promise by the defendant to pay the reward,—Lord DENMAN, C. J., saying : " I think there may be services which the constable is not bound to render, and which he may therefore make the ground of a contract. We should not hold a contract to be against the policy of the law unless the grounds for so deciding were very clear."

Our examination of the contract between Cowdery and Downer has failed to satisfy us that it contains any feature which would justify us in treating it either as being unlawful because of its evil tendency, or as having no legal consideration to support it. The agreement of Downer was to deliver up to Cowdery the judgment on which this action is brought, with the execution thereon issued, " to

be satisfied." When the agreement was performed on the part of Cowdery, it became an accord executed and accepted in satisfaction of the entire claim on the judgment, and should be treated as an effectual bar to the action as against both of the defendants. It was, as to each, a complete renunciation of the claim, and a release in form would not constitute a more perfect defence to it in behalf of either. *Babcock* v. *Hawkins*, 23 Vt. 561.

The judgment of the county court for the defendants is affirmed.