BRUNDRIDGE *vs.* WHITECOMB and others.

In an action by the assignee of a gaol bond against A. as principal, and B. as sure-
ty, the defendants may plead a separate demand in favor of A. the principal,
in off-set to the plaintiffs demand.

CHIPMAN, Ch. J. delivered the opinion of the Court.

This is an action on a bond executed by Robert Whitecomb, as principal, and James Whitecomb as surety, to the Sheriff of Chit-tenden County, on the admission of Robert Whitecomb, one of the defendants to the liberties of the prison, who had been committed to prison on an execution in favor of Joshua Brundridge, the present plaintiff. Robert Whitecomb committed an escape and the Sheriff assigned the bond to the plaintiff. The defendants confessing the plaintiff's cause of action, have pleaded, as a set-off to the plaintiff's demand, two judgments regularly obtained against the plaintiff in favor of Robert Whitecomb, one of the defendants, and principal in the bond. Both judgments were recovered before the commence-ment of the present action.

To this plea there is a demurrer and joinder.

In support of the demurrer, the plaintiff's council have taken two exceptions to the plea. 1. The plaintiff's demand is not in debt for the penalty of the bond, but sounds wholly in damages for a breach of the condition of the bond, the escape of Robert Whitecomb. There is nothing in this exception. It is true the recovery is on the breach of the condition. But, by the statute, the plaintiff, in this action is to recover satisfaction of his original judgment, with costs, including those of the execution and commitment, with inter-est ; and it is, as on a note of hand, a mere matter of computation.

The second exception is, that the plaintiff's demand and the de-mand pleaded in off-set, are not mutual *demands,* they are not de-mands between the same parties. The demand claimed to be set-off being in favor of Robert Whitecomb only, one of the defendants.

It is generally true, that a set-off can be allowed between the same parties only, and in the same right. If there be two or more plain-tiffs, or two or more defendants, in the same suit, the demand to be set-off, must be in favor of all the defendants, and against all the plaintiffs. In a suit in favor of an administrator, no demand in his

own right, can be set off in that suit against the plaintiff's demand. But the law will, in this, as in other cases, take notice of the persons beneficially interested, and whose is the duty. Thus where the plaintiff was in fact but a trustee for another person, the defendant was allowed to set-off a debt due to him from such third person. Winch v. Keeley, 1 T. R. 119, and the cases there cited.

*Chittenden, January. 1814.*

Brundridge
vs.
Whitcomb
et al.

In the case Woodbridge against Austin, in this Court, in Addison County.—Woodbridge was the indorsee of a note merely, in trust for the curator, (administrator) of Thomas Aylwin, the court allowed a demand in favor of Austin against the estate of Thomas Aylwin to be set off, and the plaintiff became non suit.

Afterwards an action was brought against Austin in the Circuit Court of the United States, on the same note in the names of Auldjo and Maitland, to whom the note had been endorsed by the curator of the estate of Aylwin, in trust. The same demand in favor of Austin against said estate was pleaded in off-set, and allowed by that Court.

In the case Stacy & Ross v. Dewey, 2 Esp. C. 469, the plaintiff's were partners in the grocery business, the shop was kept in the name of Ross only. The defendant had done business for Ross on his own account, not on account of the partnership, to a greater amount than the demand, now made against him by the partnership, which he offered to set-off. It was allowed, because Ross had appeared to the world, as doing business only on his own account.

The reason is the same in relation to defendants. Puller and others v. Rose and others, Peak, N. P. C. 197, is a strong case. A. B. and C. were in partnership together.—C. and D. also traded on their own separate account. The partnership of A. B. and C. became indebted to C. and D. in satisfaction of which they indorsed a note given to their firm. In an action brought on the note by C. and D. it was decided that the defendant might set-off any demand which he had against the firm of A. B. and C. The present case is equally strong, whether we consider it in point of law, equity or convenience. It is a case of principal and Surety. The demand to be set-off is in favor of the principal, the original debtor, who is bound in equity and conscience to pay the debt, and save the surety harmless. The demand of the plaintiff, as set forth in the declaration, and the demands pleaded in off-set all originated between the plaintiff and Robert Whitecomb, the principal in the bond, and in

*Chittenden,*
*January.*
*1814.*

*Brundridge*
*vs.*
*Whitcomb*
*et al.*

the decision of this case it may be considered, that the plaintiff's demand is against Robert Whitecomb, —— James Whitecomb being a mere surety for the payment of that demand. The law and the justice of this case strongly coincide. The off-set must be allowed and judgment rendered for the Balance.