CHITTENDEN,
December,
1832.

HENRY LEAVENWORTH, Administrator of the Estate of J. C. Thompson, vs. D. P. LAPHAM, & Co.

That, in a suit in favor of the bearer of a note, made payable to L. R. deceased or bearer, the defendant cannot plead offset against the plaintiff of matters, that stand against the estate of the deceased, by averring that this suit is prosecuted for the benefit of said estate.

That defendant cannot plead in offset demands, they have purchased against the deceased since his death.

*Query*, whether an action in favor of the bearer would not be barred by a plea setting forth, that the suit was prosecuted for the benefit of the estate, and that the defendant had claims which he ought to be able to file in offset.

This action has come from the County Court by a bill of exceptions, the particulars of which are sufficiently recited in the argument of Counsel, and the opinion of the Court. The action was upon a note, to which the general issue and sundry pleas in offset were plead. Plaintiff demurred to these pleas in offset.

*Argument for defendant.*—This is an action on a note, originally payable to Levy Rood or bearer, and brought in the name of John C. Thompson as bearer for, the purpose of collection. To this there is the plea of general issue, and four pleas in offset, declaring against Thos. D. Rood, administrator of Levi Rood, the intestate, and one note *not negotiable;* one on a note payable by said Levi Rood to Ja's. Cady or bearer, and alleging that they are the assignees of said notes for a valuable consideration ; that the notes were purchased without any knowledge of such death ;

and that of all these facts the plaintiff and the administrator had notice before the commencement of this suit. The fourth plea is a declaration on book against the administrator for $10,50, due from said Levi to said defendants, as a balance of their accounts.

CHITTENDEN,
December,
1832.

Leavenworth
vs.
Lapham.

1st. No question can arise as to the form of the pleading against the administrator of Levi Rood. Thompson was a mere trustee, and the note the property of the estate.

The defendant, therefore, properly declared against the representative of Rood. *Martin* vs. *Trowbridge*, 1 Vt. R. 477.

2d. As to the notes; in an action by indorsee of a promissory note it is competent for defendants to plead an offset or give in evidence any matter or thing, which would equitably discharge them. Rev. Stat. 144.

The pleadings admit the purchase of the notes for a valuable consideration, and in perfect good faith.

3d. Having been so purchased they can be offset although not negotiable, *Tuttle* vs. *Blake*, 8 John. R. 118; *Winch* vs. *Keely*, 1 Term R. 619; *Brundrige* vs. *Whitcomb*, Chip. R. 180; *Haven* vs. *Hobbs*, 1 Vt. Rep. 238.

These, and numerous other cases have established the principle of protecting at law equitable interest. Want of mutuality is obviated by the language of the Stat, p. 144, which is in the alternative, and admits any matter or thing to be pleaded or given in evidence, that equitably discharges the defendents.

4th. And since the notes were purchased in good faith, and without any knowledge of Levi Rood's, previous death, that fact cannot affect defendants right of offset, or to have those claims applied in discharge of plaintiff's note.

This position is supported by the plain words of the Statute, p. 144, before referred to.

The language of no part of the probate act forbids commissioners or courts to apply claims, circumstanced like these, directly on notes &c. in favor of estate, ; though it is admitted, cases could be stated, in which injury might be done to creditors, &c. A fraudulent purchase of claims after the death of intestate, might have the effect of diminishing the funds of insolvent estates, and injure creditors.

Chittenden,
December,
1832.

Leavenworth
vs.
Lapham.

But here all presumption of fraud is excluded; and, what is more material, the plaintiff has not alleged, that the estate was represented insolvent; nor any fact from which the Court might infer, that any injury would result from allowing the application. In *Meader* vs. *Leslie,* 2 Vt. Rep. 169, in a case similar in principle, the Court refused to disallow a just and equitable offset, on the ground that creditors might be injured, when the party himself has not *pleaded* any fact of that kind.

5. If the bringing of the plaintiffs suit in the name of Thompson be considered by the Court to have been in pursuance of the 54th sec. of probate act, p. 344, then defendants had a right to file all their claims in offset to such action. But,

6th. If this proceeding be regarded by the Court as independant of the provisions of that act, then the offset is good under the Statue, p. 144, and at common law. See 3 Vt. R. 540, *Parker* vs. *Kendall ;* 3 Vt. R. 447, *Jarvis* vs. *Barker.*

*Argument for plaintiff.*—1st, The plaintiff contends, that had the defendants' demands, pleaded in offset, been assigned previous to the death of Levi Rood, they could not be allowed, because they are not negotiable.

2d. The demands having been assigned after the death of Rood, they cannot be allowed, because if so, it would be in the power of one creditor to swallow up the whole estate. To make the assignment good, notice of the same must have been given previous to the death of Levi Rood. 3 Vt. Rep. 540.—*Isaac Parker* vs. *Ebenezer Kendall.*

3d. If Thomas D. Rood, as udministrator of *Levi Rood,* has made any agreement to pay defendants the demands plead in offset, it must be enforced in some other way.— Such agreement can in no way affect the plaintiff's right to recover in this suit, as he became bearer and owner of the note, on which this suit is brought, previous to the death of Levi Rood. It does not appear, from the plea in offset, that the notes and accounts were ever allowed against said estate, or that any dividend has ever been declared in favor of the creditors. The plaintiff also contends, that the promise of Thomas D. Rood, as set forth in the plea, cannot create a claim against said estate.

CHITTENDEN,
December,
1832.

Leavenworth
vs.
Lapham.

HUTCHINSON, Ch. J., after stating the case, as before recited, pronounced the opinion of the Court.

The plea or pleas in offset, predicated upon the three notes, cannot be supported in this action, upon any grounds we can discover. It seems rather intended as one plea upon the three notes; for, though each is described separately, yet no promise is raised to the defendant upon either, till all three are described; and the plea alleges a promise to pay all three to the defendant. But there are more incurable difficulties. None of the notes are payable to the defendant. One of them is neither payable to order or bearer. Upon this, they never could maintain an action or plead in offset in their own names against any person whatever. But there is one difficulty pervades the whole plea as respects these notes. They are plead as against the administrator of the estate of Levi Rood, deceased, with an averment that the note described in the plaintiff's declaration ever has been, and yet is, the property of said estate; and also avers, that these notes, originally given to other persons, became the property of the defendant, by assignment, &c. since the decease of the said Levi; and that notice thereof was given to the said administrator of said Rood, and to the plaintiff, before the commencement of this action. Now this forms no claim against said estate in favor of these defendants, nor would it do so, if these notes had been negotiable, and ever so regularly assigned to the defendants after the decease of the said Levi Rood. All the claims for and against the estate of said Levi must be settled between those who were parties to those claims at the time of his decease. Two of these notes were given to one Candless, and one to Cady; and it must be taken, from this plea, that they were the owners at the said time of his decease; and, if this were so, they only could support the claims upon those notes before commissioners, or in a suit against his administrator.

There is a further difficulty still. The action was commenced in favor of J. C. Thompson, as bearer of the note. According to the decision of this Court in Addison county, cited at the hearing, as this action is brought at common law, and not by virtue of our statute, page 144, the proviso of that statute gives no right to this offset of notes

CHITTENDEN, signed by said Levi. This is spoken of by the counsel of
*December,* the defendant as Judge Williams' decision, and that upon
1832. ―――――
――――― a point not material to the decision of the action. I was
Leavenworth
*vs.* not present when that cause was argued and decided, but,
Lapham. from the report, it is evident, that the decision upon that
point was conclusive of the whole case. Though the
Judge, in delivering the opinion, rests his own individual
opinion more upon a previous point. Though a statute
lately passed, regulating such a case, the law, under which
that decision was made, was in force when this action was
commenced, and would govern this case also, so far as re-
lates to the point now under consideration. And this ap-
plies equally to the last count in the plea in offset.—That
being on a book account directly against said Levi, this is
well plead as against him ; but is no plea to the action in
favor of Thompson. There is no mutuality between the
parties; and without it, no offset can be maintained, except
in cases coming within the provisions of said statute upon
negotiable notes, which governed the case of *Martin* vs.
*Trowbridge and others.* See 1st vol. Vt. Rep. p. 477.

The case cited from Chipman's Reports, upon a jail bond,
where an offset was allowed, where the claims were not le-
gally mutual, was overruled in this county last winter. The
equitable jurisdiction of this Court has, several times, been
exercised in compelling an offset of demands, liquidated
by the judgement of courts of law and chancery, where
there was no legal mutuality, but where the equitable own-
ership required such offset. See the case of *Connable* vs.
*Buckland*, 2d Aikens' Rep. 221. This was also done in
Addison county, three years since, in a case which I don't
recollect to have seen reported.

But the right of the defendant to file an offset, snd of
the plaintiff to file back an offset of any demands he may
have against the defendant, as regulated by the statute of
offsets, where the jury are to find the balance in arrear
from either party, can never be maintained and pursued to
any practical purpose in an action at law, unless the de-
mands are legally mutual.

A doubt might be raised, whether this action will lie at
all, upon the facts now before us, if plead in a different
manner. We are not called upon to give any opinion up-

CHITTENDEN,
December,
1832.

Leavenworth
vs.
Lapham.

on this point. But it is obvious, that, where an estate is insolvent, and will pay but a few cents upon the dollar, the administrator must not be permitted to have his notes sued in the name of some third person, and thereby avoid the offset of mutual claims, existing between the parties at the time of the decease of the testator or intestate. Possibly a plea in bar, in such a case, might defeat the action altogether. The actions which may be brought under the 54th section of the probate act, cannot embarrass the offsets, because they are therein fully provided for.

The averment in this plea in offset, that the note belongs to the estate of said Levi, and the suit carried on for the benefit of said estate, cannot affect the declaration, as it might if contained in a plea in bar, and was left unanswered. But, if it were plead in bar, that this note thus belonged to said estate, &c. and that the defendant had a just demand against said estate, like this book account offset, which he had a right to plead in 'offset if the writ were brought in the name of the administrator of said Rood, possibly this might bar the action at law. Possibly, if the amount were large enough for Chancery jurisdiction, the defendants would be driven to Chancery for relief. But in some way such offsets must be had, and not be defeated by any transfer of the notes, or suits in the names of other persons, instead of the administrator. Upon the whole, the judgement of the County Court is affirmed.

*Wm. P. Briggs*, counsel for the defendants.
*Henry Leavenworth*, counsel for the plaintiff.