### STEPHEN PORTER agt. CALEB DAVIS.

A judgment assigned in due form, and a writing executed back to the assignor by the assignee, stating that he agrees to pay all the moneys collected, to the assignor, after deducting expenses of collection, does not create such an ownership in the judgment that the assignee can set it off against a judgment recovered against him by the defendant in the judgment assigned.

*December Term,* 1845.

MOTION by defendant to set off judgments.

Plaintiff recovered a judgment against defendant in May, 1844, in this court, for $295.81 damages and costs. *Fi. fa.* issued in August last, and levied on defendant's personal property.   In August, 1828, Samuel Works and Jacob Graves, of Rochester, recovered a judgment against the plaintiff Stephen Porter, in this court, for $224.73.   This last judgment was, on the 1st day of September, 1845, assigned by Jacob Graves for himself and Works, to the defendant, Caleb Davis, in the following form; after stating the title and amount, &c.—"For value received of Caleb Davis, we hereby assign, transfer, and set over to him the above judgment, and all our right, title and interest therein, to be by him collected at his own risk and costs.   Witness, &c.," signed and acknowledged before the first judge of Monroe county.   Davis, the defendant, alleged and stated that the whole amount of the judgment, principal and interest, was due, and that he became the bona fide assignee thereof for a valuable consideration.

*On the part of the plaintiff it was shown by an    [*31]
affidavit from Jacob Graves, that no consideration
passed between him and Davis for the assignment of the
judgment, other than was expressed and set forth in an agree-
ment, which was substantially as follows:—"Received of
Jacob Graves a judgment against Stephen Porter, &c., (giv-
ing a description of it). It is agreed between the parties, that
all the money that can be collected on the judgment, I agree
to pay to the said Graves as soon as collected, and if all is
collected, then the said Graves is to receive the whole amount
after paying the expense of collecting. Rochester, Aug. 11,
1845. Signed C. Davis." Plaintiff swore that he had a good
defence to the collection of the judgment. It was insisted
on the part of the plaintiff that Davis, the defendant, re-
ceived the assignment of the judgment for collection only,
and that Graves was the beneficial owner of the judgment
against the plaintiff.

> T. T. DAVIS, *defendant's counsel and attorney.*
> J. H. COLLIER, *plaintiff's counsel.*
> GEO. B. WALTER, *plaintiff's attorney.*

JEWETT, Justice. Denied the motion with costs, on the
ground that Davis was not the owner beneficially of the judg-
ment assigned to him; he merely took it for collection.