23b 647
12ap 81

## NEWELL *vs.* SALMONS and WASHBURN.

Where a promissory note was drawn payable with interest from its date, but on one of the makers objecting that it ought not to draw interest until the amount was due, the payee assented and struck out the words " with use," before the note was signed; *Held*, that this was a satisfactory explanation of the alteration, so as to authorize the note to be received in evidence.

The provisions of the revised statutes respecting set-offs, are so far modified by the code as to admit of a set-off or counter-claim, on behalf of one or more of several defendants, where a *several judgment* may be had in the action, between the plaintiff and any one or more of the defendants, as upon a joint and several promissory note

Therefore, in an action upon a promissory note signed by two persons, one as principal, and the other as surety, a set-off of an indebtedness from the plaintiff to the principal may be allowed

In an action upon a promissory note, it is a sufficient ground for excluding evidence that the time for payment of the note had been extended, that no such defense is set up in the answer.

In an action upon a joint and several promissory note, made by two persons, neither of the defendants can be examined as a witness in behalf of the other, to prove payment.

THIS action was brought to recover the amount of a promissory note, alleged to have been executed by the defendants to the plaintiff, bearing date October 1, 1854, for the sum of $1769.86, payable six months after date. The words "with use" had originally been inserted, at the end of the note, but were erased, by lines drawn across them. The cause was heard before H. Gibson, Esq. sole referee. The defendants objected to the note being given in evidence, on the grounds, 1. That no such note was set out in the complaint; that there was a variance between the note offered and that set out. 2. That there appeared to be a material alteration or erasure in the note. 3. That the plaintiff should be required to explain the erasure. The referee overruled the objections, and the defendants' counsel excepted. The execution of the note being proved, the referee permitted the note to be read in evidence. The handwriting of the body of the note was proved to be that of the plaintiff, as well as an indorsement of $1000 received July 3, 1855, which was read in evidence by the defendants' counsel. The defendants further proved, under objections, that the note was given for goods sold by the plaintiff to Salmons, one of the defendants, and that the other defendant, Washburn, signed the note as security for Salmons. The witness who testified to these facts also swore that he was present at the time of the execution of the note. He thought the words "with use" were erased before signing. He mentioned it himself to the plaintiff, and told him it was wrong to have the note on interest. Salmons, one of the defendants, said it should not be on interest, as the purchase of the goods was not, and the plaintiff said "that was right." The defendants then offered to prove that the plaintiff was indebted to Salmons, for goods sold and delivered to the plaintiff, at the time the note became due and at the time of the commencement of this suit, in the sum of $800. This evidence was objected to by the plaintiff's counsel, on the grounds, 1. That it was immaterial. 2. That it was inadmissible. 3. That the set-off offered was in favor of one defendant, and not a joint indebtedness to both defendants. 4. That it was not admissible under the pleadings. And he offered to show, in

connection with this offer, that Washburn signed as surety for Salmons. The referee sustained the objections and overruled the offer, and the defendants' counsel excepted. The defendants then offered to call Washburn in behalf of Salmons, to show that the note had been paid before the commencement of the suit. This was objected to by the plaintiff, 1. As inadmissible. 2. That he was jointly interested with his co-defendant Salmons, or liable with him. 3. That the offer supposed the fact to be true that Salmons was principal and Washburn surety. The referee sustained the objections, and the defendants excepted. The same offer was made to call Salmons as a witness, on behalf of Washburn, for the same purpose. The plaintiff objected, and the referee sustained the objection, for the same reason as before, and the defendants excepted. Adolphus Washburn was then called and sworn as a witness on behalf of the defendant Salmons, and was asked if he knew of any money being paid upon the note. This question was objected to by the plaintiff's counsel, 1. As inadmissible. 2. Because the witness was one of the defendants, and the testimony would go to establish a defense, or reduce the indebtedness for which he was jointly interested or liable with his co-defendant Salmons. 3. As inadmissible under the pleadings. The objections were sustained by the referee, and the defendants' counsel excepted. Philander Salmons, the other defendant, was then called and sworn as a witness on behalf of his co-defendant Washburn. He was asked if he knew of any agreement between the plaintiff and himself, after the note was due, to extend the time of payment. This testimony was objected to by the plaintiff as immaterial, for the same reasons as urged against the evidence of Washburn. The referee sustained the objection. The defendants then offered to prove by the witness an extension of the time of payment of the note after it became due, for a consideration moving between the plaintiff and Salmons, and that in the meantime Salmons became insolvent. The offer was made upon the assumption that Washburn signed the note as surety. The plaintiff objected to the testimony for the same reasons, and the defendants' counsel excepted. The referee reported that Wash-

burn signed the note as surety for Salmons, and found in favor of the plaintiff for the balance due upon the note after deducting the indorsement of $1000 with interest, for which, with costs, judgment was rendered against both defendants. The defendants appealed to this court.

*P. Jakway,* for the plaintiff.

*S. P. Pike,* for the defendants.

*By the Court,* C. L. ALLEN, P. J.   There is nothing in the objection that the referee erred in receiving the note in evidence without further explanation of the erasure.   That erasure was certainly not to the prejudice of the defendants, as its effect was to relieve *them* from the payment of interest for six months and until after the note became due.   The note was drawn, at first, on interest from its date, but on the attention of the plaintiff being called to the fact that it was for the purchase of goods not on interest, and on its being insisted by one of the defendants that it ought not to draw interest until it was due, the plaintiff assented, and said that was right, and the words " with use" were then probably stricken out for the benefit of the defendants, and, as the witness thought, before the note was signed.   The explanation was full and satisfactory, and the referee so correctly found as a question of fact.

The more serious objection, in my opinion, is, that the referee erred in refusing to receive the evidence of set-off, on the part of Salmons.   It is contended, on the part of the plaintiff, that the statute (2 *R. S.* 154, § 12, *sub.* 6) requires that the set-off shall be a demand in favor of all the defendants in the action, and due to them jointly, and so, undoubtedly, is that statute. But it has been insisted, and decided, that under sections 149, 150, 136 and 274 of the code of 1852, this statute is so far modified as to admit of a set-off or counter-claim on behalf of one or more of several defendants, where a *several judgment* may be had in the action between the plaintiff and any one or more of the defendants, as upon a joint and several promissory

Newell v. Salmons.

note. The case of *Parsons and others* v. *Nash and others*, (8 *How.* 454,) was one almost exactly like the present. Two out of the three defendants had signed the note as sureties for the third. The court allowed a set-off of a judgment in favor of the principal defendant, alone, against the plaintiffs, and judgment was rendered for the defendants. That was a decision at special term, it is true. But the supreme court, in the 6th judicial district, at general term, recognized and affirmed it as good law, in the case of *Briggs* v. *Briggs*, (20 *Barb.* 477.) The court say, the only restriction under the code is, that the set-off must be one existing in favor of a defendant against a plaintiff, between whom a several judgment might be had, in the action. The present action is one of that kind, as was held in the case of *The People* v. *Cram*, (8 *How.* 151.) If these cases are law, and present a true construction of those sections, then the referee should have admitted the evidence offered, of the counter-claim. He seems to have based his decision upon the several grounds urged by the plaintiff's counsel; one of which was, that the counter-claim was inadmissible under the pleadings. If he had placed his exclusion on that ground alone, I think it would not have been sustained. It is true the defendants both claim the set-off as a defense. But it is virtually a claim on the part of the defendant Salmons, and is so set up in the answer, and the claim is there made that it shall operate as a defense for both defendants. That would be a question to be determined by the court after the proof was in. The defense was sufficiently set up, and the plaintiff could not, and did not, pretend that he was taken by surprise by the offer. I think, within the cases cited, the evidence of set-off or counter-claim was proper, and should have been received.

It is said there were no exceptions properly taken to the report, as to the decision of the referee on questions of law. For aught that appears in the case, it seems to have been regularly settled and the exceptions taken in the manner now required in reviewing the report of the referee. And I think we must so intend, for the purposes of this argument.

The defendants were offered as witnesses for each other, and

it was offered to be proved by each that the time for payment of the note had been extended. Several objections were made to the offer; one of which was that no such defense was set up in the pleadings. This, I think, was a sufficient ground for excluding the evidence, and it is not now necessary to inquire whether it would have formed a good defense as to the surety, or not.

The other offer, to prove payment by each of the defendants on behalf of the other, was, I think, properly overruled. The testimony must necessarily have gone for the benefit of the witness, as well as of his co-defendant; as proof of payment would of course have discharged all right of action upon the note.

But, for the reasons stated, the judgment must be reversed, and a new trial ordered; costs to abide the event.

[CLINTON GENERAL TERM, September 9, 1856. *C. L. Allen, Paige, James* and *Rosekrans,* Justices.]