Day, J.
It appears from the record that the defendants sustained the relation of principal and surety in the note on which the suit was brought, and the only question made, is, whether a demand due from the plaintiff to the principal alone may be set off against the claim of the plaintiff, The only objection urged against it, is the want of mutuality between the demands.
We have no statute defining what debts or demands are to be deemed mutual. The code provides (sec. 93) that “ the defendant may set forth, in his answer, as many grounds of defense, counter-claim, and set-off, as he may have, whether they be such as have been heretofore denominated legal or equitable, or both.” But what is to be regarded as proper matter of legal or equitable set-off, so far as relates to the mutuality of claims, is left to be determined by the rules recognized by the courts of this country, and of that from which the principles of our jurisprudence are so largely derived — subject, however’, to their constructive modification by other provisions of tbe code.
It is undoubtedly well settled, as a general rule, both at law and in equity, that joint and separate debts can not be set-off against each other. But whenever the character of the joint debt is such that one of the debtors is only surety *301 for the other, and the separate debt is due to the principal alone, one of the main reasons on which the general rule is based does not exist; for the debts would be in reality between the same parties, and to set them off against each other would not complicate the rights of the parties, nor, ordinarily, embarrass the litigation of the claims. On the contrary, the set-off’ might settle all the rights of the parties in one action, and liquidate demands that in justice, between all the parties, ought to compensate each other.
Accordingly, it was held in Mahurin v. Pearson, 8 N. H. 539, that “in an action upon a promissory note against principal and surety, a demand due from the plaintiff' to the principal may be set-off'.” This decision, as gathered from the opinion delivered in the case, seems to have been based upon the equity of the case, requiring the creditor, who owes the principal, to give the surety the benefit of the debt which he owes the principal, and the further reason that the set-off would tend to prevent multiplicity of actions.
But in a later casq in the same state (Andrews v. Varrell, 46 N. H. 17), where the general rule, that demands, to be set off, must be mutual, was strenuously adhered to, it was, nevertheless, said: “ It is not considered as conflicting with this rule to offset a note, signed by a principal and his surety, against a note running to such principal alone, the debt in such case being considered as the debt of the principal.” Thus it seems to be settled in that state, that the debt, though evidenced by a joint security, being in reality the debt of the principal, is deemed to be so far mutual to a separate demand of the principal that one may be offset to the other.
Upon this ground, coupled with the strong equity in favor of the set-off in such cases, the courts of other states have allowed it to be done in actions at law, though not especially authorized, as in some'of the states, by statutory enactment. Brundridge v. Whitcomb, 1 Chip. 180; Ashley v. Willard, 2 Tyler, 391; Stewart v. Coulter, 12 S. & R. 252; Solliday v. Bissey, 12 Penn. St. 347; Leach v. Lam *302 beth, 14 Ark. 668; Kent v. Rogers, 24 Mo. 306; Newell v. Salmons, 22 Barb. 647; 2 Par. on Notes and Bills, 608.
But this seeming, and, perhaps, real exception to the general rule, as applied to actions at law, unaided by statutory provisions, is not unquestionable. Our code, however, as we have seen, authorizes the defendant in an action to set up. an equitable as well as a legal set-off. If, therefore, the set-off in question was available in equity before the code was adopted, it is equally so in the “ civil action ” by which, under its provisions, both legal and equitable remedies are administered.
In matters of set-off, equity follows the law, and will not allow a set-off of a separate debt against a joint debt, except where the circumstances of the case are such, that some special equity may be invoked to justify such an interposition. Thus, in Brewer v. Norcross, 17 N. J. Eq. 219, it is said : “In cases of insolvency, or of joint credit given on account of individual indebtedness, or where the joint debt is a mere security for the separate debt of the principal, the equity is obvious, and the set-off will be allowed.” So in Downer v. Dana, 17 Vt. 518, Redfield, J., says : “ Although a court of equity will not, any more than a court of law, allow a set-off’of joint debts against separate debts, yet there are many exceptions. One important exception is, where the debts are in reality mutual, although not so in form, as where one of the joint debtors is a mere surety.”
It has sometimes been asserted that a set-off has been allowed on this grouud only in cases of insolvency, and that the practice had its origin in the English statute relating to set-offs in bankruptcy; but this was denied in Ex parte Hanson, 12 Ves. 346, by Lord Erskine, who decided the case upon equitable principles as if the parties were solvent, and said that he was “ not obliged to do more than courts of equity were in the habit of doing before the statute of set-off existed.” The case was this: H. and W. were indebted on a joint bond to O. and P., who were bankrupts, and "were indebted to H., who was principal on *303 the bond, "W. being surety only. The assignee brought suit on the bond, and H. petitioned to be allowed to set off his demand against the bond. The chancellor held, that the assignee took subject to all the “ equities ” attaching to the bankrupts, if they had “continued solvent,” and allowed the set-off, on the equitable ground of preventing circuity of actions, on account of the joint bond being that of principal and surety.
When the same case came again before the court, on the master’s report, Lord Eldon approved the order of Lord Erskine, and said that it was “ proper, under the circumstances, upon this ground; the joint debt was nothing more than a security for the. separate debt; and, upon equitable considerations, a creditor, who has a joint security for a separate debt, can not resort to that security without allowing what he has received on the separate account, for which the other was a security,” 18 Ves. 232.
Judge Story gives as an instance, which justifies the intervention of a court of equity to set off’ a sepárate debt against one that is joint, that “if one of the joint debtors is only a surety for the other, he may, in equity, set off the separate debt due to his principal from the creditor; for, in such a case, the joint debt is nothing more than a security for the separate debt of the principal;” and ho adds the further ground of equitable interference quoted above from Lord Eldon. 2 Story’s Eq., sec. 1437.
In Dale v. Cooke, 4 Johns. Ch. 11, Chancellor Kent arrived at the conclusion “that joint and separate debts can not be set off in equity any more thau at law.” But he seems to reconcile this view, with the right of a surety to set off a debt due from the creditor to the principal, on the ground that the joint debt is nothing more than a security for a separate debt of the principal. This case is, therefore, often cited to sustain a set-off in this class of cases. Indeed, the tendency of the American courts is to allow the set-off, in such cases, on the ground that the real debts of the creditor and principal are mutual, though one may be evidenced by a joint security. On this ground a set-off, *304 which, in justice, ought to be made between the parties, is held to be available at law. But'however this may be, courts of equity lay hold of the case, and at once do justice to the parties, and prevent a multiplicity of suits. The convenience of such a course is a strong argument in its favor; for the rights of all the parties may thus be settled in one action instead of three, which might only result in taking the money from the surety on the joint debt by the creditor, and from him, on the debt of the principal against the creditor, and then from the principal to the surety, leaving the money where it started. The set-off, however, will do equal justice in one action, and let the money remain in the pocket of the creditor.
The manifest policy of the code is to obviate such circuity of actions; for it provides (sec. 95): “If the defendant omit to set up the eountei'- claim or set-off) he can not recover costs against the plaintiff in any subsequent action thereon;” and also provides (see. 385) for judgment in his favor for any excess due him on the set-off) or for any affirmative relief to which he may be entitled. Moi’eover, the equity and right of a set-off in such cases is clearly recognized in the provision of the code (sec. 449) for certifying, in a judgment against principal and surety, which of the defendants is principal, and which is surety; and in directing that the property of the principal shall be taken in execution. In allowing such set-off) no more is done before judgment than the statute requires to be done after judgment on execution; indeed, it is the only manner in which the spirit of the statute can be made available without another action.
Since, then, a set-off, in cases like the one before us, might have been enforced in equity, if not at law, before the code was adopted, it follows that, under the provisions of the code, it may be done in an action brought under it. The Court of Common Pleas, therefore, did not err in admitting the separate debt of the plaintiff due to the principal alone to be set-off’ against the joint debt of the principal and surety. The judgment must therefore be affirmed.