### T. S. CLOUGH AND WIFE v. WM. W. CLOUGH.

#### Appeal.    Set-off.

A set-off can only be pleaded against all the plaintiffs; hence, an action having been brought in the name of the husband and his wife, the matter in demand not exceeding $20, as shown by the writ and specification, and the defendant in the justice court *pleading in set-off against the husband alone* an amount greater than $20, such action is not appealable.

HEARD on motion to dismiss the appeal, May Term, 1882, ROWELL, J., presiding.   Motion sustained.   The case is stated in the opinion.

*Lamb & Tarbell*, for the plaintiffs.

*S. M. Pingree*, for the defendant.

The opinion of the court was delivered by

Ross, J.   The defendant's set-off pleaded before the justice of the peace, though of greater amount than twenty dollars, was against Thomas S. Clough alone, and for that reason properly rejected by the justice of the peace.   A set-off can only be pleaded against all the plaintiffs in the action.   The set-off therefore furnished no ground for an appeal from the judgment of the justice of the peace.

The matter in demand, as shown by the plaintiffs' specifications, declaration, and *ad damnum* in the writ, did not exceed twenty dollars, and so the action was within the exclusive jurisdiction of the justice of the peace to try and determine, however many blunders he might commit therein. The declaration showed no cause for joining the wife as co-plaintiff, and if this had been taken advantage of properly, it would have been the duty of the justice of the peace to have so adjudged, but however erroneously he might discharge this duty it would furnish no ground for an appeal. The specifications showed an indebtedness to the wife for her separate estate. The copies of appeal do not show that the defendant objected to the insufficiency of the declaration in failing to set forth a cause of action in the wife. Under these circumstances it is not for the defendant to complain that the justice neither dismissed the action nor allowed the declaration to be amended. Nor did such defect, or insufficiency in the declaration, give the defendant the right to file in set-off a claim against one of the plaintiffs alone. If the cause of action was such that it ought to have been prosecuted in the name of the husband alone, he should have first taken measures to have eliminated the other plaintiff from the action by allowing a non-suit as to such plaintiff, and then have filed a set-off of more than twenty dollars against the remaining plaintiff, if he would have entitled himself to the right of an appeal to the County Court. On the facts stated in the appeal copies, it was the duty of the County Court to dismiss the appeal.

The judgment of the County Court is affirmed.