McAdam, C. J.
That a judgment may be used as a counterclaim is conceded (Boston Mills v. Eull, 6 Abb. [N. S.], 319; Chamboret v. Cagney, 10 id., 31; Taylor v. The Mayor, 82 N. Y., 10), and how far the purpose of making the assignment of the judgment defeats its use as a counterclaim, is the question raised. The practice of set-off is of equitable origin. It was recognized in equity long before it was known in courts of law. The want of it in legal contentions was found productive of great injustice, a circumstance that ultimately led to the enactment of statutes permitting set-offs to be pleaded in common law actions. Daniel Donovan owned the judgment set up by way of counterclaim. He is the principal obligor on the undertaking sued upon. His co-defendants are his sureties. Whether he or they pay the sum demanded, the money must come from him in the end, as he is hable over to his sureties for any sum they may be required to pay in discharge of their liability. If Donovan had not assigned two-thirds of the judgment to the two sureties he could have counterclaimed the whole amount of his judgment against the plaintiff, for the undertaking sued upon, is joint as well as several. Parsons v. Nash, 8 How. Pr., 454; Newell v. Salmons, 22 Barb., 647. He has, however, assigned two-thirds of the judgment to his sureties. His evident design was to protect them and in that way protect himself. There would seem to be nothing illegal in this. There is a natural equity in favor of Donovan, that he should not be called upon to pay the plaintiff $147.95, when the plaintiff owes him $729.66, which the former will not pay, and which the latter seems unable to collect. Lord Mansfield remarked, “that the natural sense of mankind was first shocked at the old legal doctrine which failed to allow set-off, especially in the case of bankrupts. They thought it hard that the person should be bound to pay the whole that he owed to the bankrupt, and receive only a dividend of what the bankrupt owed him.” Waterman on Set-off, 20, note.
*706 The purpose of subsequent enactments was to change the rule at law to conform to the more reasonable practice, prevailing in equity, and the object is supposed to have been accomplished. It has been held, that a debtor has as good a right to purchase a cross-demand, to extinguish a claim against himself, by set-off, as he has to accomplish the same object by payment. Rider v. Johnson, 8 Harris, Pa., 192; Russell v. Spear, 12 Phila., 230. If, however, the cross-demand has been merely borrowed for the purpose of set-off, it will not be allowed (Russell v. Spear, supra), or if a judgment is assigned on condition, that if it could be set-off, then the assignment was to be valid; if not, then to be void, set-off will be disallowed. Miller v. Gilman, 7 Cow., 469; Porter v. Davis, 2 How. Pr., 30.
These cases proceed on the principle that in no case, can a party set-off a judgment, unless he be the beneficial as well as the nominal owner of it. The transfers in this case, although absolute on their face, were not intended to be absolute, but merely for the purpose of protecting the sureties. To this extent they were to be absolute. Donovan, the judgment creditor, was beneficially interested in the use of the judgment in this form and to the extent stated, and such was the evident purpose and intent of his act. He had the right to give his co-sureties an interest in the judgment, even without consideration. Such a transfer is legal against every one, but a judgment-creditor. Sheridan v. TheMayor, 68 N. Y., 30. The judgment has not been borrowed from the judgment-creditor, for experimental or speculative purposes, to be returned to him in case it could not be profitably used by the sureties, but the transfers were required for the protection of the judgment-creditor himself, and their use by him in the form adopted is neither repugnant to law, equitable principles or good morals. A debtor threatened with suit, who _ borrows a chose in action or a judgment against his creditor, and is to return it if not made available, has no equity on which to found a set-off, he needs no aid from the law, because he has no beneficial interest to protect, and loses nothing, if his borrowed set-off is disallowed. The present set-off stands on a different footing. It is founded on the equity existing in favor of Donovan, the judgment-creditor himself, and next on the transfers made to sureties he is bound to protect. Parsons v. Nash, 8 How. Pr., 454; Newell v. Salmons, 22 Barb., 647. If these equities are not recognized, Donovan suffers an actual loss of $147.95.
In this respect the transfers made herein do _ not fall within the principles laid down in the cases cited, in which the set-offs claimed were disallowed, nor within the reasons which gave rise to these principles.
*707 It follows that the defendants are entitled to their counter-claim, which with interest aggregates $741.76, less the amount of the plaintiff’s claim and interest, $147.95, leaving due to the defendants, $593.81, for which sum the defendants are awarded judgment, with costs.