## W. B. JOHNSON

v.

## W. M. KELLEY AND R. DELWORTH, APTS.

---

JANUARY TERM, 1895.

---

*Set off. Claims must be mutual. Breach of warranty defence to action for purchase price.*

---

1.  In an action against two, the individual claim of one defendant against the plaintiff cannot be pleaded in offset.

2.  But, the action being upon a note given for the purchase price of an article sold by the plaintiff to one of the defendants, a breach of warranty in the sale may be shown in defence.

3.  If the judgment is correct, it will not be reversed for error in the proceedings.

Assumpsit upon a promissory note. Plea in set off. Trial by jury at the June term, 1894, TYLER, J., presiding. Judgment for the defendants to recover their costs. The defendants except.

The plaintiff brought suit on a note for fifty dollars signed by the defendants. This note and two others for one hun-

dred dollars each were given in payment for a pair of horses sold by the plaintiff to the defendant Kelley. The other two notes were not due when the action was begun. Kelley claimed a warranty in this sale, and plead a breach of it in offset, without also pleading the general issue. Upon this state of the pleadings the defendants claimed the right to begin and close, which the court denied subject to their exception. They also took certain exceptions to the admission of evidence during the trial.

The defendants claimed that if the jury found a warranty and its breach, the entire damages for the breach should be assessed, and that they were entitled to a judgment for the balance, if any, after deducting the amount of the plaintiff's note. The court held that the defendants could only recover damages to the amount of the note, to which the defendants excepted. The jury found for the plaintiff in the amount of the note, and for the defendants in the same amount.

*Bates & May* for the defendants.

*W. P. Stafford* for the plaintiff.

TAFT, J.   Is it necessary to examine the questions presented by the record?

The plaintiff sought to recover the amount of a promissory note given, with other notes, for two horses, sold by him to defendant Kelley. The defendants admitted the execution of the note, and pleaded in set off a claim against the plaintiff in favor of the defendant Kelley, based upon a breach of warranty of said horses, and said Kelley filed a declaration in set off, claiming to recover for the same breach. The jury returned a verdict for the plaintiff for the full amount of the note in suit, and found damages for the defendants under the plea in set off equal to the amount of the note. The defendants' claim, although under the form of

set off, was clearly mere matter of defence to the original cause of action, and not a distinct claim against the plaintiff which could be pleaded by one of the two defendants in set off in this action. The breach of warranty of the horses for which the note was given was a proper matter of defence to the note, either upon the ground of failure of consideration, or by way of recoupment. But, no objection being made to a recovery under the plea in set off, it was immaterial whether the claim of the defendants was allowed as a defence to the note for want of consideration, or by way of recoupment, or under the form of a plea in set off. The amount allowed the defendant under the plea extinguished the full amount of the plaintiff's claim. Such being the fact, the defendants were not harmed if any or all of the rulings of the county court were erroneous, unless the defendants could recover under the declaration in set off an amount in excess of the damages awarded the plaintiff. It is claimed by the defendants that such recovery can be had, citing *Ashley* v. *Willard*, 2 Tyler 391, which holds that the individual demand of either of two defendants can be set off against the demand of the plaintiff against the two defendants. To the same effect is *Brundridge* v. *Whitcomb*, 1 D. Chip. 180; but it was said in *Leavenworth* v. *Lapham*, 5 Vt. 204 (1832), that the latter case was overruled in Chittenden county the preceding year. There are other cases which may tend to support this rule, but they are exceptional in their facts. See *Meader Surv. Part.* v. *Leslie*, 2 Vt. 569; *Mott* v. *Mott*, 5 Vt. 111, and are of doubtful authority upon this question. The statute of set off reads :

"If the plaintiff, in an action founded on contract, express or implied, is indebted to the defendant in such action on contract express or implied, the defendant, after pleading the general issue, or confessing the plaintiff's cause of action, may plead such indebtedness in set off."

Under this law it has long been held that the demands which can be set off must be mutual, and cannot embrace

any other than those between the nominal parties, and that the right to file claims in set off can never be maintained and pursued to any practical purpose in an action at law, unless the demands are legally mutual. *Leavenworth* v. *Lapham*, 5 Vt. 204; *Phelps* v. *Bulkeley*, 20 Vt. 17; *Bragg* v. *Fletcher*, Ibid 351; *Clough* v. *Clough*, 55 Vt. 360. Independently of the statute the court can set off mutual judgments at law and in equity. *Conable* v. *Bucklin*, 2 Aik. 221; *Rix* v. *Nevins*, 26 Vt. 384. The defendants requested the court to instruct the jury that if they found the warranty and the breach, the defendants were entitled to such damages as they had sustained by reason of the failure of the warranty. The court declined so to charge, but rendered judgment for the damages found under the plea in set off equal to the damages found for the plaintiff. As the defendants prevailed to the full extent of their rights in this action, and as the defendant Kelley could not recover under the declaration in set off, they were not harmed by the rulings of the court if erroneous. It is unnecessary to examine the questions for that reason.

*Judgment affirmed.*