AMERICAN GUILD OF VIRGINIA v. DAMON et al.

(Supreme Court, Appellate Division, Fourth Department.  July 6, 1905.)

1. MORTGAGES—SUIT TO FORECLOSE—SET-OFF.

Where a husband and wife executed a bond, secured by a mortgage on the wife's property, to an association which issued a certificate to the husband, entitling him to participate in a fund of the association, in a suit to foreclose the husband might set off any indebtedness due on the certificate against any claim which might be made against him in the action.

2. SAME—CREDITS.

The wife was not entitled to an application of any indebtedness due on the certificate issued to the husband to the mortgage.

3. SAME—FORECLOSURE—PLAINTIFF'S PROOF.

For the purpose of an action to foreclose a mortgage by an assignee, it was sufficient for plaintiff to have obtained a title to the bond and mortgage, valid and legal on its face, which would protect the mortgagor, upon payment, from any other claim by the assignor.

4. SAME—DEFENSE—FRAUD.

In a suit by an assignee of a bond and mortgage to foreclose, defendants may not avail themselves of any fraud as against creditors which may have infected the assignment.

5. SAME—FORECLOSURE—COUNTERCLAIM.

Where a husband and wife mortgaged the wife's property to an association which issued to the husband a certificate entitling him to participate in a fund of the association at maturity of the certificate, and, in a suit to foreclose, the prayer for judgment in the answer demanded that the certificate be allowed as a counterclaim, defense, and set-off, and that the mortgage be canceled, and for general relief, there was not such a setting up of the counterclaim for which an affirmative judgment was demanded as to impose on plaintiff the necessity of interposing a reply, or, conceding the validity of the counterclaim, for an affirmative money judgment.

Appeal from Special Term, Onondaga County.

Action by the American Guild of Virginia against Phebe D. Damon and another.  From a judgment in favor of defendants, plaintiff appeals.  Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Wallace Thayer, for appellant.

Louis J. Bedell and William Kennedy, for respondents.

HISCOCK, J.  The respondents, who are husband and wife, executed their joint and several bond, conditioned for the payment of $950 to the Knights of Sobriety, Fidelity & Integrity, a domestic corporation organized for mutual benefit and aid.  The payment of said bond was secured by a mortgage executed by said obligors upon premises belonging to the wife.  The name of said corporation was subsequently changed to that of Safety Fund Insurance Society.  Said society issued two membership and benefit certificates—one to the respondent Joseph H. Damon, and the other to one May—who thereafter, and before the occurrences in question, transferred the same to said Damon.  These certificates at the expiration of seven years entitled the holder to his portion of what

was called the "Sustentation Fund" maintained by said society, up
to the sums, respectively, of $600 and $1,000, less the amount paid
for sick and accident benefits. After said certificates had matured,
the society which had issued them, and to which said bond and
mortgage had been executed as aforesaid, duly assigned the latter
to this plaintiff by an assignment and instrument which was reg-
ular upon its face, and which purported to transfer the full and un-
qualified title and ownership. The assignee did not, in connection
with said assignment, agree to assume the payment of its assignor's
obligations. The bond and mortgage having become due, the plain-
tiff brought this action to foreclose the latter. The respondents,
by their joint answer, set up the facts with reference to the issue,
maturity, and ownership of the certificates hereinbefore mentioned,
alleging that the corporation which issued them had become in-
solvent, and that, by reason of the premises, defendants had no ade-
quate remedy at law, and would suffer great damages and injustice,
were the plaintiff allowed to enforce its demand, leaving these de-
fendants, as their only remedy, an action against an insolvent cor-
poration; and they demanded judgment that plaintiff's complaint
should be dismissed, and "that said certificates be allowed as a
counterclaim, defense, and set-off to the said bond and mortgage,
and that said bond and mortgage be satisfied and canceled of rec-
ord, and that the defendants may have such other or further relief,
or both, in the premises, as shall be just and equitable."

Upon these controlling facts, it was improper to award the re-
spondents, or either of them, an affirmative judgment against the
plaintiff for the amount in whole or part, of said certificates, and to
adjudge that said bond and mortgage were satisfied as to both de-
fendants.

We shall hold that it was proper for the respondent Joseph
Damon to offset any indebtedness due from plaintiff's assignor
upon the certificates held by him against any claim which might
be made against him in this action. Newell v. Salmons, 22 Barb.
647; Briggs v. Briggs, 20 Barb. 447; Hunt v. Chapman, 51 N. Y.
555; Bathgate v. Haskin, 59 N. Y. 538; Messenger v. Buffalo, 21
N. Y. 196.

The only claim made by plaintiff which could affect him per-
sonally was one for a judgment for deficiency in case the mortgaged
premises failed to satisfy plaintiff's claim, for the wife, Phebe
Damon, was the sole owner of the premises. After a consideration
of the respondents' argument, we are unable to discover any prin-
ciple which, upon the evidence, warranted an affirmative money
judgment against plaintiff in favor of the holder of the certificates,
or justified, in favor of the wife, the application of any indebted-
ness due upon said certificates to the cancellation of the mort-
gage; she having no ownership or interest in said certificates. Re-
spondents upon the trial vigorously attacked the honesty of the
transfer by the original mortgagee and maker of said certificates
to the present plaintiff of said bond and mortgage. But it is well
settled that for the purposes of this action it was sufficient if plain-
tiff obtained a title to said bonds and mortgage, valid and legal upon

its face, which would protect the mortgagors, upon payment, from any other claim by the assignor.    Nor is it possible for respondents in this action, as it is presented to us, to avail themselves of any fraud as against creditors which may have infected the transfer from the original mortgagor to the present plaintiff.

It is, however, urged that this judgment is authorized by the condition of the pleadings; that respondents by their answer set forth a counterclaim, and demanded judgment thereon, such as has been allowed to them; and that plaintiff, by failing to reply thereto, legally conceded the validity of their claim.    This, of course, raises the question whether defendants did fairly and intelligently set forth a counterclaim upon which an affirmative judgment was demanded, and thereby impose upon the plaintiff the necessity of interposing a reply.    We do not think that they did this.    While the prayer for judgment in their answer does use the word "counterclaim," it also asks that said certificates be allowed as a "defense and set-off" to the bond and mortgage; and there is, in terms at least, no demand for any judgment other than that said instruments be adjudged to be canceled and satisfied.    In like manner, while upon the trial the word "counterclaim" was used from time to time by the counsel, a fair interpretation of all that was said indicates an understanding upon the part of counsel that the certificates were being urged as a set-off and defense to the bond and mortgage, rather than as a basis for an affirmative money judgment.    As we have already seen, defendants were not legally entitled to utilize said certificates as a basis for any such affirmative judgment as has been secured; and, this being so, we think it would be an unreasonable construction of their answer to hold that it indicated that they were seeking, and that plaintiff's counsel understood that they were seeking, an affirmative judgment, which required a reply.    Further than this, the holder of the certificates was not conclusively entitled to payment, or allowance of the full face value thereof.    By the terms thereof, he was entitled to his proportion of what was called the "Sustentation Fund," and such evidence as has been produced upon this subject indicated that such proportion upon the certificates held by him would be very much less than the amount allowed.

The judgment appealed from should be reversed, and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein.    All concur; STOVER, J., in result.